■ OVIDIO SANTANA, Respondent, v RAFAEL ACOSTA et al., Appellants. [784 NYS2d 860]—Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered May 1, 2003, which granted plaintiff's motion to amend the ad damnum clause of the complaint and to transfer the action from Civil Court, Bronx County, to Supreme Court, Bronx County, unanimously affirmed, without costs.

"[I]n the absence of prejudice to the defendant, a motion to amend the *ad damnum* clause . . . should generally be granted" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]). Defendants show no prejudice. Concur—Mazzarelli, J.P., Williams, Friedman, Gonzalez and Catterson, JJ.

■ LUZ RODRIGUEZ et al., Respondents, v CITY OF NEW YORK, Defendant, and 401 HOTEL L.P., Doing Business as HOTEL PENNSYLVANIA, Appellant. [784 NYS2d 855]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered March 22, 2004, which, in an action for personal injuries sustained when plaintiff tripped on the sidewalk outside of defendant-appellant's hotel, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Although defendant City of New York would generally be liable for accidents caused by sidewalk defects (*see Weiskopf v City of New York*, 5 AD3d 202, 203 [2004]) that occurred prior to September 14, 2003 (Administrative Code of City of NY § 7-210), appellant failed to establish that plaintiff's accident occurred outside the property line of its hotel, which is designated by plaques on the sidewalk. Thus, an issue of fact remains as to whether the alleged sidewalk defect was on appellant's property or the public sidewalk. We have considered appellant's other arguments and find them unavailing. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and Catterson, JJ.