■ ARACELIS RODRIGUEZ, Respondent, v CITY OF NEW YORK et al., Defendants, and 250 MONA CORP., Doing Business as ASSOCIATED SUPERMARKET, Appellant. [851 NYS2d 511]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered August 9, 2006, which denied the motion of defendant 250 Mona Corp. for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant 250 Mona Corp. dismissing the complaint as against said defendant.

Plaintiff tripped and fell on a city sidewalk in front of defendant supermarket in August 2001. Prior to enactment of New York City Administrative Code § 7-210 in 2003, the duty to maintain public sidewalks rested with the City (*Rodriguez v City of New York*, 12 AD3d 282 [2004]), and an abutting landowner would be liable only if it had created the defective condition or made a special use of the sidewalk (*Cobo v City of New York*, 266 AD2d 121 [1999]).

Contrary to the court's conclusion, 250 Mona Corp. established its entitlement to summary judgment in the absence of sufficient evidence that it had created the condition or made a special use of the sidewalk (*see Romero v ELJ Realty Corp.*, 38 AD3d 263 [2007]). The mere ownership of the abutting property by 250 Mona Corp. does not raise an issue of fact as to whether a special use of the sidewalk was being made. The occasional use of the side of the store for deliveries does not constitute a special use as that term has been construed (*Kaminer v Dan's Supreme Supermarket/Key Food*, 253 AD2d 657 [1998]; *see Tyree v Seneca Ctr.-Home Attendant Program*, 260 AD2d 297 [1999]). Concur—Tom, J.P., Nardelli, Williams and McGuire, JJ.