■ SALLY KEECH, Plaintiff, v 30 EAST 85TH STREET COMPANY, LLC, et al., Respondents, and 30 EAST 85TH STREET CONDOMINIUM ASSOCIATES, Appellant. [61 NYS3d 499]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 29, 2016, which, upon renewal, granted the motions of defendants 30 East 85th Street Company, LLC (Company) and Lululemon USA, Inc. for summary judgment dismissing the complaint as to them, unanimously affirmed, without costs.

Defendant 30 East 85th Street Condominium Associates' (Condominium) argument that the renewal motion papers were inadequate because Company failed to submit the pleadings and because both Company and Lululemon failed to provide the condominium documents, is unpreserved and unavailing. CPLR 2214 (c) provides that a party filing a motion in an e-filed action, such as this, need not include copies of papers that were previously filed electronically. Here, the pleadings were filed by Lululemon in connection with its renewed motion for summary judgment; thus, Company had no obligation to file them in support of its renewed motion. Moreover, although the condominium documents were not submitted, the record was sufficient for the motion court to determine whether movants were entitled to the relief they sought (*see Chan v Garcia*, 24 AD3d 197, 198 [1st Dept 2005]).

Upon renewal, the motion court correctly granted Company's motion for summary judgment. Company, an owner of commercial units in the condominium at issue, is not an owner for the purposes of Administrative Code of the City of New York

§ 7-210, and thus had no duty to maintain and repair the public sidewalk in front of the condominium (*Araujo v Mercer Sq. Owners Corp.*, 95 AD3d 624, 624 [1st Dept 2012]; *see Jerdonek v 41 W. 72 LLC*, 143 AD3d 43, 48 [1st Dept 2016]).

Similarly, the motion court correctly concluded that Lululemon, a tenant of a commercial unit in the condominium, had no obligation to maintain the sidewalk, even if its employees had cleared the sidewalk of snow and debris. Further, there is no evidence that Lululemon created the alleged defect in the sidewalk (*see Rodriguez v City of New York*, 48 AD3d 298 [1st Dept 2008]). Moreover, its receipt of deliveries on trolleys transported over the sidewalk to its store did not constitute a special use of the sidewalk (*see id.*).

We have considered Condominium's remaining arguments and find them unavailing. Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.