Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC (2019 NY Slip Op 03931)





Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC


2019 NY Slip Op 03931


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Sweeny, J.P., Renwick, Tom, Kapnick, Oing, JJ.


652750/17 9377 9376

[*1]Berkshire Hathaway Specialty Insurance Company, et al., Plaintiffs-Respondents,
v
H.I.G. Capital, LLC Defendant-Appellant.


Hunton Andrews Kurth LLP, New York (Michael S. Levine of counsel), for appellant.
Wiley Rein LLP, Washington, DC (Gary P. Seligman of the bar of the District of Columbia, admitted pro hac vice, of counsel), for Berkshire Hathaway Speciality Insurance Company, respondent.
Ropers, Majeski, Kohn & Bentley, P.C., New York (Andrew L. Margulis of counsel), for Zurich American Insurance Company, respondent.
Kennedys CMK, New York (Thomas R. Orofino of counsel), for Executive Risk Indemnity Inc., respondent.
Stroock & Stroock & Lavan LLP, New York (Laura Besvinick of the bar of the State of Florida, admitted pro hac vice, of counsel), for Starr Indemnity & Liability Company, respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 12, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment declaring, in connection with certain insurance policies issued in 2016, that the Warning Notices constitute a single Claim first made before the 2016 Policies' inception, and the 2016 Policies therefore do not apply to, and afford no coverage for, the 2016 Warning Notice, including any duty to advance Defense Costs, and that the Prior Notice Exclusion bars coverage for all Loss incurred in connection with the 2016 Warning Notice, including any duty to advance Defense Costs, and so declared, unanimously affirmed, with costs. Order, same court and Justice, entered September 18, 2018, which, upon reargument, adhered to the original determination, and determined that New York law applies to the remaining claim in this action, unanimously modified, on the law, to determine that Florida law, rather than New York law, applies to the remaining claim in this action, and otherwise affirmed, without costs.
This insurance dispute arises out of two separate "warning notices" issued by the United Kingdom Pensions Regulator (UK Regulator), in 2014 and 2016, respectively, to entities affiliated with defendant that are insured by various Professional Asset Management Liability policies issued by plaintiffs in 2016 (the 2016 Policy).
The unambiguous language of the Related Claims provision and the Prior Notice Exclusion establishes, as a matter of law, that there is no possible factual or legal basis on which plaintiffs may eventually be held liable under the 2016 Policy (see First State Ins. Co. v J & S United Amusement Corp., 67 NY2d 1044, 1046 [1986]). It is undisputed that both warning notices allege wrongful conduct stemming from the insureds' 2011 purchase of a UK entity. The 2014 notice asserts that the purchase was undervalued; the 2016 notice asserts that the purchase, as a whole, was improper. In light of this connection, under the Related Claims provision of the 2016 Policy, the notices are deemed to be a "single Claim" made on "the earliest date on which any such Claim was first made," which preceded the inception of the 2016 Policy.
Coverage is also barred by the Prior Notice Exclusion, which provides, in pertinent part:
"The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Insured
. . . based upon or arising out of any Wrongful Act, fact, circumstance or situation which has been the subject of any written notice given before the inception of the Policy Period under any policy, provided the insurer of such policy does not reject such notice as invalid" (boldface deleted).
Defendant does not dispute that it gave notice of the 2014 UK warning notice to its insurers when it received the warning notice (and before the inception of the 2016 Policy) and that those claims were paid out. Contrary to defendant's argument, it does not matter which notice the UK Regulator will seek to pursue, because that will not alter the fact that the 2016 notice is based on, and arises out of, the aforementioned purchase of the UK entity, and thus coverage is barred under the Prior Notice Exclusion.
We reject defendant's argument that the motion court erred in granting summary judgment in favor of plaintiffs without reviewing the actual warning notices. The parties agreed on the content of the notices, and the record was sufficient to permit the court to decide the motion (see Keech v 30 E. 85th St. Co., LLC, 154 AD3d 504 [1st Dept 2017]).
The court erred, however, in concluding that New York law applies to the remaining claim in this action. The policy in question contemplated potential global risk. In such an instance, "the state of the insured's domicile should be regarded as a proxy for the principal location of the insured risk," "which under . . . Restatement [of Conflicts of Law] § 193, is the controlling factor in determining the law applicable to a liability insurance policy" (Certain Underwriters at Lloyd's, London v Foster Wheeler Corp., 36 AD3d 17, 24, 27 [1st Dept 2006] affd 9 NY3d 928 [2007]). The law of the state of defendant's principal place of business (Florida) must apply to any remaining claims in this action.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK