Maurice v Maurice (2020 NY Slip Op 02873)





Maurice v Maurice


2020 NY Slip Op 02873


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Renwick, J.P., Oing, Singh, Moulton, JJ.


11509N 21084/14E

[*1] Matthew Maurice, etc., Plaintiff-Appellant,
v
Irene D. Maurice also known as Irene D. Bachtler, et al., Defendants-Respondents.


Law offices of Mitchell I. Weingarden, PLLC, White Plains (Mitchell I. Weingarden of counsel), for appellant.
Clausen Miller P.C., New York (Melinda S. Kollross of counsel), for respondents.



Order, Supreme Court, Bronx County (Rubén Franco, J.), entered March 14, 2019, which granted defendants' motion to vacate the default judgment entered against them, unanimously affirmed, without costs.
A motion to vacate a default may be granted if the movant establishes that its default was excusable and that it has a meritorious defense to the action (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Further, a client will not be deprived of his day in court on account of his attorney's "neglect or inadvertent error, especially where the other party cannot show prejudice and his position has merit" (Chelli v Kelly Group, P.C., 63 AD3d 632, 633-634 [1st Dept 2009]). The IAS court did not abuse its discretion in granting defendants' motion to vacate here (Di Lorenzo, 61 NY2d at 143).
Plaintiff challenges only the "meritorious defense" prong of the IAS court's ruling, and has thus abandoned any argument relating to defendants' reasonable excuse of law office failure (Furlender v Sichenzia Ross Friedman Ference LLP, 79 AD3d 470, 470 [1st Dept 2010]). Plaintiff has also failed to show that the IAS court abused its discretion in determining that defendants demonstrated a meritorious defense. Defendants' moving papers cited to a pending e-filed summary judgment motion that had been submitted to the IAS court, as well as an upcoming "with-clients" settlement conference that showed their entitlement to a resolution on the merits. Defendants were not required to attach their pending summary judgment motion to the motion to vacate, as it had already been e-filed with the court (Keech v 30 E. 85 St. Co., LLC, 154 AD3d 504, 504 [1st Dept 2017]; CPLR 2214[c]).
In keeping with the strong public policy in this State for resolving disputes on the merits, the order is affirmed.
We have considered plaintiff's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK