Carla T. v Brian T. (2023 NY Slip Op 06572)

Carla T. v Brian T.

2023 NY Slip Op 06572

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

535607
[*1]Carla T., Respondent,
v
Brian T., Appellant.

Calendar Date:November 21, 2023

Before:Garry, P.J., Lynch, Ceresia, Fisher and Powers, JJ.

Jean M. Mahserjian, Esq., PC, Clifton Park (Katrin E. Falco of counsel), for appellant.
Law Office of Martin & Martin, Glens Falls (Trinidad M. Martin of counsel), for respondent.
Rose T. Place, Glens Falls, attorney for the children.

Garry, P.J.
Appeal from an order of the Supreme Court (Paulette M. Kershko, J.), entered April 22, 2022 in Warren County, which, among other things, denied defendant's motion to vacate the custodial provisions of two stipulations of settlement.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2013 and are the parents of two minor children (born in 2014 and 2019). Following their separation, the parties began litigating issues of custody, and various matters were heard by Family Court (Kershko, J.). In September 2020, after extended negotiations and with the assistance of the court, the parties entered into a stipulation on the record globally settling all Family Court matters. In pertinent part, the parties agreed to joint legal and physical custody of the children, with the wife having the children for four overnights per week and the husband having them for three overnights. Family Court entered a final order of custody and parenting time on consent in October 2020, which incorporated but did not merge the terms of the September 2020 stipulation. In December 2020, the wife commenced this action for a divorce. The husband counterclaimed for, among other relief, an award of sole legal and primary physical custody, citing alleged violations of the October 2020 order by the wife. In November 2021, the parties entered into a written stipulation of settlement with respect to the matrimonial action, which made certain modifications to the custodial arrangement but left weekly parenting time unchanged. Supreme Court (Kershko, J.) issued a final judgment of divorce in December 2021, which incorporated but did not merge the November 2021 stipulation.
In January 2022, the husband moved, by order to show cause, for Supreme Court to enforce the November 2021 stipulation following an alleged deprivation of parenting time and to award him attendant counsel fees, while also requesting that the judge recuse herself, without further explanation. A few days later, the husband moved, by notice of motion, for Supreme Court to vacate the custodial provisions of the September 2020 and November 2021 stipulations and the judgment of divorce, asserting fraud, mistake of fact, undue influence and coercion on the part of the wife's counsel and/or the judge in obtaining the stipulations (see CPLR 5015 [a] [2], [3], [5]). He again sought fees and the judge's recusal. The wife opposed all relief requested, and the attorney for the children opposed vacatur of any aspect of the custodial arrangement. The parties later settled the enforcement issue by agreeing to make-up parenting time. Following oral argument, the court denied the remainder of the relief requested by the husband, largely on procedural grounds. He appeals.
We turn first to the enforcement motion and note that, although the husband initially sought recusal with respect thereto, he later consented to the judge resolving the issue of counsel fees related to his enforcement efforts. The [*2]provision of the November 2021 stipulation relied upon by the husband in seeking an award of counsel fees provides that, "in the event of a default or breach by either party with respect to any provision of this [s]tipulation, whereby the other party obtains enforcement or other remedy for such breach or default by commencement of a legal action or proceeding, the defaulting party shall reimburse and pay the non-defaulting party for any and all reasonable attorney's fees, damages, and other reasonable legal expenses incurred in connection with the commencement and maintenance of such action or proceeding."[FN1] Given that the father's enforcement motion was settled without any admission or finding of a default or breach, we agree with Supreme Court that this provision was not implicated here (cf. Webber v Webber, 30 AD3d 723, 724 [3d Dept 2006]). To the extent that the husband argues that that the signing of his order to show cause constitutes such a finding, he misunderstands order to show cause procedure (see generally Matter of Citigroup Global Mkts., Inc. v Fiorilla, 178 AD3d 567, 569-570 [1st Dept 2019]).
The husband's allegations on his motion to vacate primarily relate back to a September 2020 colloquy in Family Court. During the colloquy, the wife's counsel and the judge stated their shared understanding that the children's school district, in which the husband wished the children to remain, would only permit their continued enrollment if they lived with a resident parent — here, the wife — at least 51% of the time. The judge made clear that, if the husband were to proceed to a hearing on custody and testify that he supported the children remaining in their current school district, she would not issue an order granting him the 50/50 parenting time he desired due to that policy. Upon his motion, the husband asserted that he was pressured into a parenting time schedule granting the wife a greater number of overnights by these representations as to the school district's policy, which he argues were either fraudulent or mistaken. In support, he submitted the school district's official enrollment policy and a letter from the district confirming the policy, both of which appear to indicate that the district did accept equal time-sharing custodial arrangements. The husband further asserted that the judge's statements as to the potential disposition of the case constituted undue influence and coercion and evidenced her predetermination of an issue prior to the receipt of proof. Finally, he claimed that the judge's undue influence, coercion and other bias persisted through the matrimonial action, such that his entry into the November 2021 stipulation cannot be considered a ratification of the custodial arrangement.
Supreme Court ultimately denied the husband's vacatur requests on several procedural grounds.[FN2] Upon review, we find that, in view of the husband's proffer, it was an abuse of discretion to decline to either excuse the various procedural missteps [*3]or permit correction of the errors. First, the court reasoned that it was without jurisdiction to vacate the October 2020 order, as that order had been issued by Family Court. Although a motion to vacate must be addressed to "[t]he court which rendered [the] judgment or order" (CPLR 5015 [a]; see Gould v Kontogiorge, 216 AD3d 563, 565 [1st Dept 2023]; Hrouda v Winne, 77 AD2d 62, 64-65 [3d Dept 1980]; cf. Matter of Bresnan v Bresnan, 117 AD2d 879, 879-880 [3d Dept 1986]), the husband's mistake in choice of court would have been readily curable by simple removal procedure (see CPLR 325 [a]). Given that the judge had presided over the prior Family Court matters, it would have been wholly appropriate to treat the husband's notice of motion in Supreme Court as a motion to sever and transfer issues pertaining to the October 2020 order to the correct court (see generally Matter of Arnold v New York State Dept. of Educ., 128 AD2d 985, 987 [3d Dept 1987]), or to otherwise afford the husband the opportunity to move for such relief.
Supreme Court separately denied that branch of the husband's motion that sought to vacate the custodial provisions of the September 2020 and November 2021 stipulations upon well-established law that the proper vehicle to vacate a stipulation incorporated but not merged into an order or judgment is by commencement of a plenary action (see Matula v Matula, 159 AD3d 1074, 1075 [3d Dept 2018]; Anderson v Anderson, 153 AD3d 1627, 1628 [4th Dept 2017]; Darragh v Darragh, 163 AD2d 648, 649 [3d Dept 1990]). However, the court similarly had discretion to disregard that mistake or permit it to be corrected (see CPLR 2001; Campello v Alexandre, 155 AD3d 1381, 1382 [3d Dept 2017]; MacDonald v Guttman, 72 AD3d 1452, 1455 [3d Dept 2010]; Banker v Banker, 56 AD3d 1105, 1107 n 2 [3d Dept 2008]; Brender v Brender, 199 AD2d 665, 666 n 2 [3d Dept 1993]). Again, in light of the surrounding circumstances, we find that declining to do so in the face of the husband's proffer was improvident.
Finally, Supreme Court denied any relief sought with respect to the custodial provisions of the judgment of divorce because the husband's counsel failed to provide the court with a physical copy of the judgment. Initially, the court had ample authority to take judicial notice of its own prior judgment (see Matter of Sabrina B. v Jeffrey B., 179 AD3d 1339, 1341 [3d Dept 2020]; Matter of Jack NN. [Sarah OO.], 173 AD3d 1499, 1502 [3d Dept 2019], lvs denied 34 NY3d 904 [2019], 34 NY3d 904 [2019]). Further, as the court noted in its order, the e-filed judgment is readily available on NYSCEF. Thus, the husband was not required by CPLR 2214 to furnish the judgment in support of his motion (see CPLR 2214 [c]; Maurice v Maurice, 183 AD3d 455, 456 [1st Dept 2020]; Leary v Bendow, 161 AD3d 420, 420 [1st Dept 2018]; Keech v 30 E. 85th St. Co., LLC, 154 AD3d 504, 504 [1st Dept 2017]; but see Eastern Funding LLC v San Jose 63 Corp., 172 AD3d 818, 819 [2d Dept 2019]), and the [*4]court did not invoke any rule obligating otherwise. As the husband asserts, in this respect, the court elevated form over substance.
In sum, although we find many of the husband's allegations to be unsupported, particularly his assertions of bias, we also find that declining to address the merits of his second motion was inappropriate. Without expressing any opinion as to the ultimate success of his efforts to vacate the stipulations, order and judgment at issue, we remit for further proceedings so that the husband's arguments may be considered. Given the circumstances, including the fact that the husband may wish to call the judge as a witness (see generally Oakes v Muka, 56 AD3d 1057, 1059 [3d Dept 2008]; People v Pendergrass, 43 AD2d 592, 592-593 [2d Dept 1973]), we find that remittal to another judge is appropriate. In light of our disposition, the husband's remaining arguments are academic.
Lynch, Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to vacate; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision before a different judge; and, as so modified, affirmed.

Footnotes

Footnote 1: The husband did not request counsel fees pursuant to Domestic Relations Law § 238 in connection with his enforcement motion until this appeal.

Footnote 2: None of the procedural grounds underlying the determination were raised by the wife or the attorney for the child.