■ ALFRED WILSON et al., Plaintiffs, v HAAGEN DAZS COMPANY, INC., Appellant and Third-Party-Plaintiff, and GERSTEN & BEREST, INC., Respondent and Fourth-Party Plaintiff, et al., Third-Party Defendant and Fourth-Party Defendant. [607 NYS2d 333] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered October 6, 1992, which, *inter alia,* granted the motion of defendant-respondent for summary judgment on its second cross-claim against defendant-appellant to the extent of directing defendant-appellant to indemnify defendant-respondent in an amount equal to the limits of the insurance policy defendant-appellant was obligated to obtain under the lease between the parties should defendant-respondent be found liable in the underlying personal injury action, unanimously reversed, on the law, insofar as appealed from, defendant-respondent's motion is denied, defendant-appellant's motion granted, and the second cross-claim dismissed, without costs.

The action underlying this appeal was brought by plaintiffs to recover for personal injuries allegedly suffered by plaintiff Alfred Wilson as a result of an incident which occurred on premises leased by defendant-appellant, The Haagen Dazs Company, Inc. ("tenant"), and owned by defendant-respondent Gersten & Berest, Inc. ("landlord"). At issue on this appeal is the second of three cross-claims asserted by landlord against tenant seeking indemnification on various bases.

Indemnification is provided for by the lease between the parties by way of a provision which requires the tenant to generally indemnify and save the landlord harmless against any and all liabilities, etc., resulting from any negligence of

tenant or tenant's agents, etc., "for which landlord shall not be reimbursed by insurance." A separate provision requires tenant to obtain liability insurance for landlord and provides that, if tenant fails to do so, landlord may obtain such insurance and add the cost of the premiums to the rent.

It is undisputed that tenant never procured insurance for the landlord and that landlord obtained insurance for itself but never billed tenant for the amount of the premiums, as it was entitled to do. On these facts, the IAS Court found that tenant should not have the benefit of the insurance obtained by landlord and should indemnify landlord up to the amount of the policy which it was obligated to obtain. It therefore granted landlord's motion and contingently directed tenant to indemnify landlord under the second cross-claim seeking indemnification for any liability which would have been covered by the insurance which tenant should have obtained.

We reverse. In *Wallen v Polo Grounds Bar & Grill* (198 AD2d 19, 20) this Court held, on similar facts, that a landlord which has exercised its contractual right to procure its own insurance covering the claims asserted is not entitled to recover from tenant for the amount of any eventual liability but may only seek to recover the cost of its insurance premiums. In this case, landlord has not sought to recover the cost of its premiums.

We note that the parties specifically provided that the tenant would be obligated to indemnify the landlord only for amounts which were not covered by the landlord's insurance. Thus, landlord may not avail itself of the alternate rationale that initial recourse to its insurance coverage is an unwarranted application of the preindemnification doctrine *(cf., North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281).

Under these circumstances, landlord's motion directing tenant to indemnify it to the extent of the insurance policies it was obligated by the lease to obtain based on its breach of that obligation should be denied and the second cross-claim dismissed. As noted by the IAS Court, all other issues regarding landlord's right to indemnification by tenant must await the outcome of the underlying action. Concur—Carro, J. P., Ellerin, Kupferman and Asch, JJ.