■ NORMA KAMINER, Respondent, v DAN'S SUPREME SUPERMARKET/KEY FOOD, Appellant, et al., Defendants. [677 NYS2d 553] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about June 30, 1997, which, *inter alia*, denied defendant-appellant's motion for summary judgment, unanimously reversed, on the law, without costs, defendant's motion granted, and the complaint dismissed as against Dan's Supreme Supermarket/Key Food. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

The motion court erred in applying the theory of "special use" to these circumstances and in finding an issue as to whether defendant's use of the site of plaintiff's accident for deliveries would impose liability. The owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the landowner creates a defective condition in the sidewalk or uses it for a special purpose (*see, D'Ambrosio v City of New York*, 55 NY2d 454). The occasional use of the side of the store for deliveries does not constitute a special use as that term has been construed (*Tambaro v City of New York*, 140 AD2d 331). "Special use cases usually involve the installation of some object in the sidewalk or street or some variance in the construction thereof" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 298, *lv dismissed in part and denied in part* 73 NY2d 783; *see also, Darringer v Furtsch*, 225 AD2d 577). Nor is there evidence that the vendor's use of the sidewalk created a hazard or caused a defect that resulted in this plaintiff's injuries (*see, Montalvo v Western Estates*, 240 AD2d 45). Concur—Rosenberger, J. P., Ellerin, Nardelli, Wallach and Saxe, JJ.