■ DIANA TYREE, Respondent, v SENECA CENTER-HOME ATTENDANT PROGRAM, INC., et al., Appellants, et al., Defendants. [689 NYS2d 61] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered February 4, 1998, which denied defendants' motions for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motions granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

The occasional use of the sidewalk for deliveries does not constitute a special use. " 'Special use cases usually involve the installation of some object in the sidewalk or street or some variance in the construction thereof' " (*Kaminer v Supreme Supermarket/Key Food*, 253 AD2d 657 [citations omitted]).

"[T]he owner or occupier of land abutting a public sidewalk does not owe a duty to the public, solely arising from the location of the premises, to maintain the sidewalk in a safe condition (*Nuesi v City of New York*, 205 AD2d 370). Rather, liability arises only if the abutting owner or lessee created the defect or used the sidewalk for a special purpose (*Granville v City of New York*, 211 AD2d 195, 197), such as when an appurtenance was installed for its benefit or at its request (*Kaufman v Silver*, 90 NY2d 204, 207), contemplating a purpose

different from that of the general public (*Otero v City of New York*, 213 AD2d 339, 340). Such special use then gives rise to maintenance responsibilities (*Santorelli v City of New York*, 77 AD2d 825)." (*Thomas v Triangle Realty Co.*, 255 AD2d 153.)

Defendants' mere receipt of ordinary deliveries of office supplies does not suffice to show special use of the sidewalk by the appellant tenants sufficient to withstand the summary judgment motions. It makes no difference whether plaintiff tripped on a hole or slipped on leaves, nor whether she fell near the curb or closer to the loading dock, as in either event the second-floor tenants are not liable for her injuries under a special use theory of extended liability. Concur—Sullivan, J. P., Rosenberger, Rubin, Saxe and Buckley, JJ.