■ DORELEAIN HAGGINS, Plaintiff, v WEBSTER ASSOCIATES, Respondent, and HONIGS PARKWAY, INC., Appellant. [710 NYS2d 31] —Order, Supreme Court, Bronx County (Lottie Wilkins, J.), entered December 10, 1998, which granted defendant-respondent Webster Associates' summary judgment motion declaring that Honigs Parkway was obligated to defend and indemnify Webster Associates, unanimously reversed, on the law, without costs, respondent's summary judgment motion denied and, on a search of the record, it is directed that Honigs Parkway is not obligated to defend and indemnify Webster Associates.

This is a personal injury action based upon injuries allegedly sustained by plaintiff when she tripped and fell on a stairway (with a dangerous condition consisting of a handrail of which a portion was missing) within a building owned by Webster and leased by Honigs. Honigs's lease with Webster required that the tenant make all non-structural repairs, that general liability insurance coverage be obtained, that Webster be named an additional insured, and that if the tenant failed to deposit insurance policies then Webster could elect to pay for policy premiums and deem such payments as additional rent. Honigs obtained insurance and did not name Webster as an additional insured. Webster obtained its own liability insurance.

The penalty for breaching an agreement to procure insurance is to be liable for all the resulting damages (*Morel v City of New York*, 192 AD2d 428). Webster's remedy is to recover the cost of such insurance from the tenant since its damages are the premiums it paid to procure the insurance (*Wilson v Haagen Dazs Co.*, 201 AD2d 361). Webster is not able to require the tenant to defend and indemnify since the premium payments are deemed additional rent as a result of Webster's decision to obtain its own insurance. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Buckley, JJ.