■ ROSE M. SPANGEL, Respondent, v CITY OF NEW YORK et al., Defendants, and 59TH ST. ASSOCIATES et al., Appellants. [728 NYS2d 157] —Order, Supreme Court, New York County (Joan Madden, J.), entered May 5, 2000, which, to the extent appealed from, denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff was injured when she tripped and fell over an uneven portion of a public sidewalk, six feet from the entrance to a building owned and managed by defendants at 242 East 60th Street in Manhattan. Seeking to hold defendants, among others, liable for her accident, plaintiff commenced this action. Contrary to the conclusion reached by Supreme Court, we conclude that there is no basis for liability.

It is well settled that a landowner does not owe a duty to the public to maintain the sidewalk abutting its premises and will not be liable to a pedestrian injured by a defect in the sidewalk (*see, D'Ambrosio v City of New York*, 55 NY2d 454, 462-463; *Darringer v Furtsch*, 225 AD2d 577; *Nuesi v City of New York*, 205 AD2d 370; *Curtis v City of New York*, 179 AD2d 432, *lv denied* 80 NY2d 753). While a duty will be found to exist where the abutting landowner created the defect, here it is uncontroverted that defendants neither constructed nor repaired the sidewalk where plaintiff fell.

Nor did plaintiff establish that defendants received a special benefit from the sidewalk that would permit the imposition of liability (*see, Granville v City of New York*, 211 AD2d 195). "Special use cases usually involve the installation of some object in the sidewalk or street or some variance in the construction thereof" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 298, *lv dismissed in part and denied in part* 73 NY2d 783; *see also, Tyree v Seneca Ctr.-Home Attendant Program*, 260 AD2d 297; *Kaminer v Dan's Supreme Supermarket/Key Food*, 253 AD2d 657). Here, there was no appurtenance installed in the sidewalk and the sidewalk was not constructed in a manner to provide a special benefit to defendants "unrelated to the public use" (*see, Poirier v City of Schenectady*, 85 NY2d 310, 315; *Lobel v Rodco Petroleum Corp.*, 233 AD2d 369, *lv denied*

92 NY2d 813). Concur—Rosenberger, J. P., Nardelli, Ellerin; Saxe and Friedman, JJ.