■ Richard Garrison, Appellant, v City of New York et al., Respondents. [751 NYS2d 436] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered September 13, 2001,

which, in an action for personal injuries sustained by the infant plaintiff when he fell off his bicycle while riding on a bicycle path owned by defendant City, allegedly because of a hole in the pathway, granted defendant City's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The City's untimely motion for summary judgment (CPLR 3212 [a]) was properly entertained absent a showing of prejudice by plaintiffs and given indications that plaintiffs could not prove an essential element of their prima facie case (*see Luciano v Apple Maintenance & Servs.*, 289 AD2d 90). Plaintiff could not show that the City had prior written notice of the alleged hole in the path, as required by Administrative Code of the City of New York § 7-201 (c). On the merits, the IAS court correctly held that the parks supervisor's preaccident submission of a general work order requesting resurfacing of the entire 100-mile run of bicycle pathways did not constitute notice of the particular defect that allegedly caused the infant plaintiff to fall off his bicycle. Nor did plaintiffs raise issues of fact as to whether the City created the hole or made special use of the bicycle path, such as might have avoided the need to show actual notice of the hole. According to plaintiffs' expert, the hole was caused by motor vehicles allowed on the paths to remove snow and collect garbage, although the paths were designed only for pedestrians and bicycles. The IAS court, noting the sparse and occasional nature of this vehicular use of the paths, and that the construction specifications cited by plaintiffs' expert pertain to highways, not pathways, properly rejected this opinion as speculative. Also properly rejected was plaintiffs' argument that such occasional vehicular use of the paths by the City, in furtherance of its maintenance obligations, constitutes a special use (*cf. Kaminer v Dan's Supreme Supermarket/Key Food*, 253 AD2d 657). Concur—Mazzarelli, J.P., Andrias, Saxe, Sullivan and Rosenberger, JJ.