■ ANA R. TINEO, Appellant, v PARKCHESTER SOUTH CONDO-MINIUM et al., Respondents. [759 NYS2d 9] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 13, 2001, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated.

According to her deposition testimony, plaintiff fell when her right foot became stuck on the broken blacktop on the outside of a gate on a walkway owned and maintained by defendants in the Bronx housing development known as Parkchester. Plaintiff described the defect as broken and uneven asphalt pavement in bad condition. Plaintiff's expert, who inspected the area of the fall, described the condition as a "3/4 inch deep depression, nominally two feet long by two feet wide in the asphalt pavement, where an abrupt elevation difference remains around the perimeter of the depression as a tripping hazard." The expert concluded that the "patch-repaired walkway surface was destabilizing underfoot because it was wide-cracked, depressed, sunken, and uneven." In moving for summary judgment dismissing the complaint, defendants argued that the defect was trivial in nature, in that the complained-of condition had "virtually no depth," consisted of "possibly one crack" and was neither camouflaged nor hidden. The IAS court agreed and granted the motion, finding that the complained-of defect was trivial as a matter of law. We reverse.

Whether a sidewalk defect is sufficiently hazardous to impose liability is generally a question for a jury to resolve on the particular facts of each case (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). There is no " 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*id.*). While defendants emphasize that plaintiff was unable to state with certainty what had caught her shoe and thus what caused her to fall, that, coupled with other relevant circumstances, to wit, inter alia, the length,

width, and depth of the tripping hazard, was sufficient to raise an issue of fact precluding the grant of summary judgment (*see Nin v Bernard*, 257 AD2d 417 [1999]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Friedman and Gonzalez, JJ.