■ Iraida Ioffe et al., Appellants, v Hampshire House Apartment Corporation et al., Respondents. [800 NYS2d 757]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated May 27, 2004, as granted that branch of the cross motion of the defendant Hampshire House Apartment Corporation which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In opposition to the prima facie showing by the defendant Hampshire House Apartment Corporation (hereinafter HHAC) of its entitlement to summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]), the plaintiffs failed to raise a triable issue of fact regarding their claims that HHAC, as an abutting landowner, either created the subject defect in the public sidewalk or made special use of the sidewalk by dragging trash receptacles across it and leaving them at the curb for collection. It is undisputed that HHAC neither constructed nor repaired the area where the injured plaintiff fell prior to the accident (*see generally Spangel v City of New York,* 285 AD2d 425 [2001]; *Gianna v Town of Islip,* 230 AD2d 824 [1996]), nor did the plaintiffs produce any competent evidence that the actions of HHAC's personnel caused or created the defective sidewalk condition. In this regard, the expert affidavit of an engineer submitted by the plaintiffs was completely speculative and conclusory, failed to set forth foundational facts, assumed facts not supported by the evidence, and failed to recite the manner in which the engineer came to his conclusions. Accordingly, the affidavit lacked probative value and was insufficient to defeat HHAC's motion for summary judgment (*see Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533 [1991]; *Rochford v City of Yonkers,* 12 AD3d 433 [2004]; *Fields v S & W Realty Assoc.,* 301 AD2d 625 [2003]; *Aghabi v Sebro,* 256 AD2d 287 [1998]). Similarly, the plaintiffs' contention that HHAC's conduct in putting trash by the curb for collection constituted a special use of the sidewalk is patently without merit (*see e.g. Yee v Chang Xin Food Mkt.,* 302 AD2d 518 [2003]; *Tyree v Seneca Ctr.-Home Attendant Program,* 260 AD2d 297 [1999]; *Minott v City of New York,* 230 AD2d 719 [1996]; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292 [1988]). Accordingly, the Supreme Court properly granted HHAC's motion for summary judgment. Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur.