■ Heidi Diaz et al., Plaintiffs, v Lexington Exclusive Corp., Appellant, and Lillian Goldman et al., Respondents, et al., Defendants. Jane Goldman et al., Third-Party Plaintiffs-Respondents, v Lexington Exclusive Corp., Third-Party Defendant-Appellant. [874 NYS2d 77]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered September 26, 2008, which, to the extent appealed from, denied third-party defendant Lexington Exclusive Corp.'s motion for summary judgment dismissing the cross claims and third-party claim for contractual indemnification, unanimously reversed, on the law, with costs, the motion granted and such claims dismissed. The Clerk is directed to enter judgment accordingly.

The lease between the Goldman third-party plaintiffs, as landlord, and Lexington, as tenant, requires the latter to procure liability insurance for the former's benefit. The Goldmans, who had obtained their own insurance as of the date of the subject accident, allege that Lexington breached the lease's indemnification clause insofar as it provides that the tenant "shall indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Owner shall not be reimbursed by insurance." Lexington contends that the indemnification clause allows for the Goldmans' reimbursement under any insurance policy, including their own, in order for Lexington to be relieved of its contractual duty to indemnify. According to the Goldmans' construction of the clause, Lexington can be relieved of the duty to indemnify them only to the extent that it procures insurance for their benefit. In denying summary judgment, the IAS court found Lexington had failed to demonstrate that the lease unambiguously requires dismissal of the Goldmans' indemnification claim by reason of the fact that they have procured their own insurance. We find the court's conclusion erroneous.

Contrary to the IAS court's finding, "reimbursed by insurance," as used above, means just that, without regard to any specific source of coverage. "It is axiomatic that a contract is to be interpreted so as to give effect to the intention of the parties as expressed in the *unequivocal language employed*" (*Morlee Sales Corp. v Manufacturers Trust Co.*, 9 NY2d 16, 19 [1961] [emphasis added]). Courts should not strain to find contractual ambiguities where they do not exist (*Star City Sportswear v Yasuda Fire & Mar. Ins. Co. of Am.*, 1 AD3d 58, 60 [2003], *affd* 2 NY3d 789 [2004]). For example, in *Arteaga v 231/249 W 39 St. Corp.* (45 AD3d 320 [2007]), this Court found no ambiguity in a

lease and dismissed a landlord's claim for indemnity under a provision that similarly obligated the tenant to indemnify the landlord solely for costs "for which Owner shall not be reimbursed by insurance" (*see also Wilson v Haagen Dazs Co.*, 201 AD2d 361 [1994]). We recognize that out-of-pocket expenses incurred in obtaining insurance are recoverable as damages for breaches of agreements to procure insurance (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111 [2001]). The Goldmans' brief, however, makes it clear that they are not seeking such damages. Concur—Andrias, J.P., Nardelli, Catterson, Acosta and DeGrasse, JJ.