■ JASON PROVENZANO, Appellant, v CITY OF NEW YORK et al., Respondents. [915 NYS2d 29]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered June 24, 2009, which, insofar as appealed from as limited by the briefs, granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and defendants' motion and cross motion denied. Appeal from order, same court and Justice, entered on or about March 5, 2010, which denied plaintiff's motion for leave to reargue defendants' motions,

unanimously dismissed, without costs, as taken from a nonappealable order.

In this personal injury action arising from a trip and fall, the motion court erred in determining, as a matter of law, that the defective condition upon which plaintiff fell was outside of the parking lot owned by the City and leased to Kinney. The record demonstrates that, at a minimum, an issue of fact exists as to whether the defective condition was part of the parking lot or part of the public sidewalk. Even assuming that the area where plaintiff fell constituted a "sidewalk" under Administrative Code of the City of New York § 7-201 (c), sufficient evidence was presented to raise a triable issue of fact as to whether the City, as a landlord, made special use of that portion of the sidewalk to allow access to the parking lot, and whether or not prior written notice of the alleged condition was required (cf. *Spangel v City of New York*, 285 AD2d 425 [2001]).

Summary judgment also should not have been granted to Kinney, since issues of fact remain as to whether, under the maintenance agreement between the City and Kinney, Kinney had agreed to displace the City's duty to maintain its property (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 589 [1994]). Concur—Tom, J.P., Andrias, Saxe, Freedman and Manzanet-Daniels, JJ.