■ HERBERT W. KLECKNER, Respondent, v MEUSHAR 34TH STREET, LLC, Respondent-Appellant, and VERIZON NEW YORK INC., Appellant-Respondent, and CITY OF NEW YORK, Respondent. [914 NYS2d 164]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered December 10, 2009, which, insofar as appealed from, in this action for personal injuries allegedly sustained when plaintiff tripped and fell when his foot became caught in a gap

between a metal grate in a tree well and the adjacent sidewalk, denied the motions of defendant Meushar 34th Street, LLC (Meushar) and defendant Verizon New York Inc. for summary judgment dismissing the complaint and all counterclaims asserted against them, unanimously affirmed, without costs.

The motions were properly denied since the record presents triable issues of fact, including which defendant, if any, installed the subject tree well and grate and when, which defendant is responsible for the care, maintenance and repair of the tree well and grate, and which defendant is responsible for the care, maintenance and repair of the relevant area. Although the Court of Appeals has excluded "city-owned tree wells" from the definition of "sidewalk" as the term is used in Administrative Code of City of NY § 7-210 (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]), "a property owner may still owe a duty relating to a tree well if it creates a defective condition on it or uses it for a special purpose, such as when it installs an object on it, or varies its construction" (*Skinner v City of New York*, 2010 NY Slip Op 31068[U], *4 [Sup Ct, NY County 2010]).

Here, neither Verizon nor Meushar has produced any evidence that the tree well is owned by defendant City, or that the City is otherwise responsible for its maintenance and repair. Nor have these defendants produced evidence that they, themselves, do not own, or are otherwise not responsible for, the tree well. They allege only that they failed to find proof of ownership of the tree well, and contrary to Meushar's contention, the holding in *Vucetovic* does not compel a finding against the City in such circumstances. Furthermore, even if the City were deemed owner of the tree well, Verizon and Meushar have failed to provide evidence showing that they did not create, negligently repair or otherwise cause the allegedly defective condition that resulted in plaintiff's fall (*see Kaminer v Dan's Supreme Supermarket/Key Food*, 253 AD2d 657 [1998]). Concur—Tom, J.P., Sweeny, Freedman, Richter and Abdus-Salaam, JJ.