Mercedes v 680 SN LLC (2022 NY Slip Op 06323)

Mercedes v 680 SN LLC

2022 NY Slip Op 06323

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Index No. 150668/17, 595058/20 Appeal No. 16624 Case No. 2021-02887 

[*1]Irene Mercedes, Plaintiff-Respondent,
v
680 SN LLC, Defendant-Appellant, 356 Lucky Grocery And Deli Inc., Defendant. [And A Third-Party Action.] 

McGaw & Alventosa, Jericho (Mary Azzaretto of counsel), for appellant.
Mitchell Dranow, Sea Cliff, for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 23, 2021, which, to the extent appealed from as limited by the briefs, denied defendant 680 SN LLC's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff testified that she was injured in January 2014 when she slipped or tripped and fell in a hole in the sidewalk in front of 680 SN LLC's property. According to plaintiff, the hole was filled with water from either rain or melted snow, and she believed that the water had likely been on the ground for some time because it had an odor. Although a photograph provided to defendants by plaintiff's counsel showed no cracks or defects in the sidewalk, plaintiff testified that the photo did not accurately show the sidewalk's condition at the time of the accident because it did not show the broken part that caused her to fall.
680 SN LLC sustained its initial burden of showing that its alleged negligence did not cause or contribute to plaintiff's accident, as its building manager testified at his deposition that he was familiar with the sidewalk and that it bore no cracks or defects in January 2014, as shown in the photo provided by plaintiff's counsel (see Ceron v Yeshiva Univ., 126 AD3d 630, 632 [1st Dept 2015]; Garcia v City of New York, 99 AD3d 491, 492 [1st Dept 2012]).
However, plaintiff raised an issue of fact through her deposition testimony that the photo did not accurately depict the sidewalk at the time of her accident and that the sidewalk shown in the photo appeared to have been repaired. Plaintiff also testified that a different photo, which showed broken portions of the sidewalk, was a more accurate representation of the condition of the sidewalk at the time of the accident. Furthermore, 680 SN LLC had a nondelegable duty to maintain the sidewalk abutting its premises, regardless of the provisions of its lease with a commercial tenant (Administrative Code of the City of New York § 7-210; Collado v Cruz, 81 AD3d 542, 542 [1st Dept 2011]).
Supreme Court properly disregarded Google Maps photos that defendant submitted in reply, purportedly taken months before the accident. 680 SN LLC submitted no affidavit by a person with knowledge about the photos' origins, or knowledge about whether they fairly and accurately portrayed the sidewalk at the time of plaintiff's accident (see Williams v Laura Livery Corp., 173 AD3d 497, 498 [1st Dept 2019]).
We have considered 80 SN LLC's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022