Carson v JAD Realty LLC (2023 NY Slip Op 01738)

Carson v JAD Realty LLC

2023 NY Slip Op 01738

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Friedman, Rodriguez, JJ. 

Index No. 155999/17 Appeal No. 17618 Case No. 2022-02315 

[*1]Jaime Carson, Plaintiff-Respondent-Appellant,
v
JAD Realty LLC, Defendant-Appellant-Respondent, Casa Pizza, Inc., Defendant-Respondent-Appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellant-respondent.
Alan S. Friedman, New York, for respondent-appellant.
Law Office of Michael E. Pressman, New York (Michael E. Pressman of counsel), for Casa Pizza, Inc., respondent-appellant.

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about January 11, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Casa Pizza, Inc.'s motion for summary judgment dismissing the complaint as against it and denied defendant JAD Realty LLC's motion for summary judgment on its cross claim for full contractual indemnification against Casa Pizza, unanimously affirmed, without costs.
The court correctly granted Casa Pizza summary judgment dismissing the complaint in this action alleging negligent maintenance of the sidewalk in front of its premises. Casa Pizza established its prima facie entitlement to summary judgment by submitting evidence showing that a snowstorm was in progress when plaintiff slipped and fell in front of its restaurant and that, although Casa Pizza had no duty to do so, it repeatedly cleared snow and ice during the storm (see Kinberg v New York City Tr. Auth., 99 AD3d 583, 583-584 [1st Dept 2012]). JAD and plaintiff failed to raise a triable issue of fact as to whether Casa Pizza's snow removal efforts negligently exacerbated the icy sidewalk condition (see Baumann v Dawn Liqs., Inc., 148 AD3d 535, 537 [1st Dept 2017]; Joseph v Pitkin Carpet, Inc., 44 AD3d 462, 463-464 [1st Dept 2007]). While JAD's expert opined that Casa Pizza made the sidewalk condition worse by failing to apply salt when removing snow, Casa Pizza's manager testified that salt was applied each time he or an employee shoveled snow. Because the expert opinion was based on speculation and refuted by the manager's testimony, it was insufficient to defeat summary judgment (see T-Mobile Northeast LLC v 133 Second Ave., LLC, 171 AD3d 541, 541 [1st Dept 2019]).
To the extent the slope or grade of the sidewalk contributed to plaintiff's accident, Casa Pizza bore no responsibility with respect to that condition. Casa Pizza had a duty to make only nonstructural, minor repairs to the sidewalk under paragraph 4 its lease with JAD; structural sidewalk repairs remained with JAD. Further, as the property owner, JAD had a nondelegable duty to maintain and repair the sidewalk regardless of the provisions of the lease (see Administrative Code of City of NY § 7-210; Mercedes v 680 SN LLC, 210 AD3d 477, 478 [1st Dept 2022]). Absent evidence that it breached any duty to plaintiff, Casa Pizza was entitled to summary judgment dismissing the complaint as against it.
JAD's motion for summary judgment on its cross claim for full contractual indemnification was correctly denied. The broad indemnification provisions in paragraphs 48 and 66 of the rider ran afoul of General Obligations Law § 5-321, as they purport to indemnify JAD for its own negligence. Although the lease contains an insurance procurement provision, Casa Pizza failed to obtain insurance on JAD's behalf (see Port Parties, Ltd. v Mdse. Mart Props., Inc., 102 AD3d 539, 541 [1st Dept 2013]). Accordingly, recovery on JAD's cross claim is governed by the indemnity provision [*2]in paragraph 8 of the lease, which provides for indemnification of "liabilities . . . for which Owner shall not be reimbursed by insurance." Because JAD maintained its own liability insurance, the court correctly determined that JAD was entitled to reimbursement of only out-of-pocket expenses incurred as a result of Casa Pizza's breach of the insurance procurement provision (see Collado v Cruz, 81 AD3d 542, 542 [1st Dept 2011]; Diaz v Lexington Exclusive Corp., 59 AD3d 341, 342-343 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023