| Saglimbene v CPF 1511 Third Ave. LLC |
|---|
| 2024 NY Slip Op 32214(U) |
| July 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 15255/2020 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**

*Justice*

PART          58

-------------------------------------------------------------------X

MARGARET SAGLIMBENE,

                        Plaintiff,

                   - v -

CPF 1511 THIRD AVENUE LLC AND THE GAP, INC.,

                      Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152255/2020 |
| MOTION DATE | 04/21/2023, 06/16/2023 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 97, 99, 101, 102, 103, 104, 109, 112, 113

were read on this motion to/for             JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, 105, 106, 107, 108, 110, 111, 114

were read on this motion to/for             JUDGMENT - SUMMARY       .

In this personal injury case, in which plaintiff claims she sustained injuries in front of defendant The Gap, Inc's (Gap) store, Gap moves for summary judgment dismissing plaintiff's complaint and all cross-claims against it (motion sequence 003).

Defendant CPF 1511 Third Avenue LLC (CPF 1511), the building owner, moves for summary judgment dismissing plaintiff's complaint as well as all cross-claims, or in the alternative, awarding it contractual and common-law indemnification against Gap (motion sequence 004). The motions are consolidated for disposition and decided as follows.

## I.      BACKGROUND

Plaintiff alleges that around 1:00 P.M. on April 15, 2019, she tripped and fell due to a cracked, uneven and dilapidated condition of the sidewalk adjacent to 1511 Third Avenue in Manhattan (the "building", of which Gap was the store tenant (NYSCEF Doc. No. 7, Exhibit A, Summons and Complaint, ¶ 26; NYSCEF Doc. No. 73, Exhibit C, Bill of Particulars, ¶ ¶ 2-5).

**152255/2020 SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**
**Motion No. 003 004**

Page 1 of 16

[* 1]

During her deposition, she testified that as she walked in front of the subject Gap store (the "store"), the heel of her thick rubber-soled shoe on her left foot got caught in a hole in the pavement, causing her left ankle and foot to twist (NYSCEF Doc. No. 74, Exhibit D, EBT of Plaintiff, p. 33, lines 10-14, p. 35, lines 13-25, p. 36, lines 2-6, p. 50, lines 3-8 and 12-18).

Plaintiff testified that the weather was nice with no rain, the lighting was good, and she did not have any difficulty seeing her surroundings at the time of the accident (*id*. at p. 29, lines 15-22, p. 35, lines 2-12). She was looking straight ahead and did not notice the hole until after she fell (*id*. at p. 36, lines 10-16). Plaintiff testified that the accident may have occurred as she approached the second display window of the store (*id*. at p. 43, lines 11-21, p. 44, lines 24-25, p. 45, lines 2-5), and that her heel "must have" gone into the hole in the middle sidewalk flag adjacent to one of the display windows (*id*. at, p. 48, lines 2-22). Plaintiff did not enter the store, speak to a Gap employee, or fill out an incident report after her fall (*id*. at p. 52, lines 7-19).

On August 16, 1990, CPF 1511 and Gap had entered into a lease agreement for the retail store consisting of the basement, ground floor and mezzanine located at the premises (*see* NYSCEF Doc. No. 91). Paragraph thirty of the lease provides that CPF 1511 "shall . . . make all repairs and replacements to the sidewalk and curbs adjacent thereto (unless such repairs or replacements are due to the acts of [Gap]. . .)," and Gap, at its own expense, was to keep said sidewalks and curbs free from snow, ice, dirt and rubbish.

In addition, Gap had to "(b) keep the sidewalk and curb directly in front of the demised premises clean" and repair "all damage or injury to the demised premises . . . or to the [adjacent] sidewalks . . ., whether requiring structural or non-structural repairs, caused by . . . (i) the moving of [Gap's] fixtures, furniture and equipment or (ii) any act, omission, neglect or improper conduct of, or alterations made by [Gap], . . . ."

**152255/2020  SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**
**Motion No. 003 004**

**Page 2 of 16**

2 of 16

[* 2]

Paragraph fifty provides that Gap would "indemnify and hold harmless [CPF 1511]. . . from and against any and all claims arising from or in connections with . . . (c) any accident, injury or damage whatsoever (unless and to the extent caused by [CPF 1511's] willful act or negligence) occurring in, at or upon the demised premises" and would defend CPF 1511 "[i]n any action or proceeding [] brought against [it]." Further, paragraph forty-six provides that Gap would maintain property insurance naming CPF 1511 as an additional insured.

Gap's maintenance project manager at the time of the accident testified on Gap's behalf at a deposition, and stated that she handled maintenance needs or repairs that fell within Gap's lease responsibility (*id*. at p. 15, lines 9-16). She would officially visit the premises at issue annually, and unofficially once every three months (*id*. at 18, lines 20-25). The manager believed that Gap was responsible for snow removal and overall maintenance of the sidewalk, and that any repairs were the owner's responsibility (*id*. at p. 49, lines 4-25).

Although Gap performed daily cleaning and hired companies to power wash the sidewalk and to provide snow removal services, the manager stated that Gap did not hire vendors to repair or perform patchwork of the sidewalk (*id*. at p. 21, lines 5-23; p. 52, lines 11-24, p. 34, lines 2-11). Although store employees cleaned the sidewalk adjacent to the building on an "as needed" basis, they did not inspect the sidewalk for dangerous conditions (*id*. at p. 19, lines 17-25, p. 23, lines 19-25, p. 24, lines 2-5).

The manager testified that there were no reports of plaintiff's accident in the store maintenance log (*id*. at p. 37, lines 7-12), and she never received notice of a hole in the sidewalk (*id*. at p. 32, lines 19-23), nor did she receive receive any written work orders for the sidewalk or complaints regarding a hole (*id*. at p. 32, lines 24-25, p. 33, lines 2-10). Neither she nor any

**152255/2020   SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**
**Motion No.  003 004**

**Page 3 of 16**

3 of 16

[* 3]

other Gap employee reported any sidewalk conditions in need of repair to CPF 1511 in April 2019 (*id*. at p. 35, lines 10-25, p. 36, lines 2-4, p. 50, lines 23-25, p. 51, line 2).

CPF 1511 produced a property manager for Cushman & Wakefield, the company that managed the building for CPF 1511, for its deposition (NYSCEF Doc. No. 78). She attested that Gap was responsible for cleaning the sidewalk and CPF 1511 was responsible for repairing holes or broken pavement (*id*. at p. 19, lines 10-18, p. 20, lines 7-13). She was unaware if CPF 1511 repaired the sidewalk in 2019 (*id*. at p. 22, lines 14-19, p. 23, lines 8-17).

As pertinent here, the manager visited the store twice a month to check the building (*id*. at p. 15, lines 8-11), and she would also examine the adjacent sidewalk only if Gap had brought any complaints to her attention, which it never did (*id*. at p. 15, lines 18-25, p. 16, lines 2-5). The manager never noticed a cracked or broken sidewalk outside the building (*id*. at p. 24, lines 4-13), and if she had seen one, she would have reported it to CPF 1511 (*id*. at p. 29, lines 16-22).

CPF 1511's expert, David Behnken, P.E., a licensed professional engineer in the State of New York, provided his expert opinion on behalf of CPF 1511, which he based upon a review of the case file and a June 9, 2023 inspection of the subject premises during which he took numerous color photographs. In the area of plaintiff's accident, Behnken measured a patch of a minor chip that had an overall length of 7 inches and a maximum width of 1-1/2 inches (see NYSCEF Doc. No. 94, p. 4). He concluded the chip was too small to cause the heel of plaintiff's shoe to become stuck and that "it [was] physically impossible" for plaintiff's heel "to become mechanically restrained" by the chip (*id*. at p. 5, ¶ 3).

Behnken opined that the sidewalk was safe for pedestrians wearing flat, rubber-soled, walking shoes such as those the plaintiff wore on the accident date (*id*. at p. 5, ¶ 1), and that the

**152255/2020 SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC** **Page 4 of 16**
**Motion No. 003 004**

4 of 16

sidewalk did not have height differentials or holes that could cause plaintiff's shoe to get caught (*id.* at p. 5, ¶ 2). He also opined that plaintiff's fall was due to a misstep (*id.* at p. 5, ¶ 5).

Plaintiff's expert, Harold Krongelb, P.E., P.C., a licensed professional engineer in the State of New York, concluded that since the sidewalk was repaired after plaintiff's accident, a site inspection occurring after the accident had no probative value (NYSCEF Doc. No. 108, Exhibit B, Expert Report, ¶ 11). He emphasized that Behnken's conclusions are based on an inspection that was performed long after the defect was repaired and about 4 years after the accident (*see id.* at ¶ ¶ 21-25).

Based on a review of the case file, the dimensions of the patch in Behnken's report, and a photograph from plaintiff's deposition, Krongelb opined that the depression in the sidewalk was more than one-inch deep at the time of the accident, and thus not a trivial defect but a violation of Administrative Code of the City of New York § 19-152 (*id.* at ¶ ¶ 19, 31, 32). He further opined that it is a "good and accepted practice independently of the requirements of any specific code provision or regulation to immediately correct" such a hazard (*id.* at ¶ 40), and that such a defect in a concrete slab is inherently dangerous because a pedestrian does not recognize a depression of that size with sufficient time and space to avoid tripping and falling over it (*id.* at ¶ 39). Krongelb asserted that plaintiff's act of stepping into a one and 1/2 inch-wide, seven-inch long and more than one-inch-deep depression caused her to trip and fall and, as such, was a substantial cause of the accident (*id.* at ¶ ¶ 24, 29). He also opined that the sidewalk depression was present for at least a few months when the accident occurred (*id.* at ¶ ¶ 27, 41).

## II.     ANALYSIS

"On a motion for summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the

**152255/2020   SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**     **Page 5 of 16**
**Motion No.  003 004**

5 of 16

absence of any material issues of fact" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]). It is a heavy burden, and the facts are viewed in the light most favorable to the non-movant (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]). If the defendant establishes his or her prima facie burden, then the burden shifts to the plaintiff who must present sufficient evidence to establish the existence of a material issue of fact (*Mazurek v Metropolitan Museum of Art*, 27 AD3d 227, 228 [1st Dept 2006]). "Summary judgment is inappropriate in any case where there are material issues of fact in dispute or where more than one conclusion may be drawn from the established facts" (*Friends of Thayer Lake LLC v Brown*, 27 NY3d 1039, 1043 [2016]).

A.     Gap's Motion (seq. 003)

In support of its motion for summary judgment, Gap argues that it had no duty to inspect, maintain and repair the sidewalk as, pursuant to paragraph thirty of the lease, CPF 1511 and not Gap was responsible for all repairs and replacements to the sidewalk, as confirmed by the testimony of CPF 1511's property manager. Moreover, Gap argues, it is not liable under Administrative Code of the City of New York § 7-210 as Gap did not own the building. Even if the lease required it to repair the sidewalk, Gap argues that general provisions of a lease obligating a tenant to repair the sidewalk do not impose on the tenant a duty to third parties.

In opposition, plaintiff argues that Gap failed to meet its prima facie burden, as it did not submit evidence in admissible form, such as documents or testimony addressing Gap's responsibility over the area of the accident, creation and notice of the subject defect, maintenance and inspection of the subject location, and special use of the subject location. Specifically, plaintiff argues that Gap made special use of the sidewalk for its own benefit by hiring contractors to perform work on the sidewalk, or by its own employees "possibly" transporting

**152255/2020   SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**      **Page 6 of 16**
**Motion No.  003 004**

[* 6]

6 of 16

heavy machinery in the area and working on window displays next to the subject defect. Plaintiff notes that Gap has not annexed records pertaining to regular maintenance and power washing, third-party contractors that were hired to perform work on the sidewalk, or any history of complaints about the sidewalk.

Further, plaintiff contends that the lease is vague and creates issues of fact as to who was responsible for the sidewalk, and observes that paragraph forty-eight of the lease makes Gap responsible for any damage it causes to the sidewalk. Plaintiff thus argues that Gap owed a duty of care to her based on the lease and its special use of the sidewalk, and that there is a reasonable inference that Gap had at least constructive notice of the defect, which was easily visible and within its control.

CPF 1511 also opposes the motion, and maintains that Gap likely created the alleged defect when it cleaned the sidewalk as required by the lease.

In reply, Gap reiterates that the lease obligates CPF 1511 to make all repairs to the sidewalk, and although the lease imposed some responsibility on Gap to maintain the sidewalk, CPF 1511 was solely responsible for the sidewalk's structural integrity. Gap also argues that it met its prima facie burden of showing that it did not owe a duty to plaintiff as the relevant evidence establishes that it never performed structural work on the sidewalk and thus could not have created the defect. Gap further asserts that plaintiff's argument that Gap created the defect through nonstructural maintenance is speculative, and it denies that it made special use of the sidewalk as it did not install, store, or display items on it.

    1.    Administrative Code of the City of New York § 7-210 and Special Use

Pursuant to Administrative Code § 7-210(a) and (b), as relevant here, "a. [i]t shall be the duty of the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a

**152255/2020 SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**     **Page 7 of 16**
**Motion No. 003 004**

7 of 16

[* 7]

reasonably safe condition. b. [n]otwithstanding any other provision of law, the owner of real property abutting any sidewalk . . . shall be liable for any injury to property or personal injury . . . proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition."

Here, CPF 1511 is indisputably the owner of the building and Gap is its tenant, and the statute explicitly imposes liability upon CPF 1511 only (*see Choudhry v Starbucks Corp.*, 213 AD3d 521, 522 [1st Dept 2023]). Further, that duty "is an affirmative, nondelegable obligation" that remains exclusively with the landlord/owner notwithstanding any provisions in the lease (*id.*). Gap thus establishes that may not be held liable pursuant to the statute.

Moreover, in a premises liability case, a defendant owes a duty of care to a plaintiff where, at the time of the accident, it occupied, controlled, or made special use of the premises (*Reid v City of New York*, 168 AD3d 447, 448 [1st Dept 2019]). As to a tenant, the general rule is that a tenant will not be liable to a third party in a tort action unless it either "affirmatively caused or created the defect that caused plaintiff to trip, or [] put the subject sidewalk to a 'special use' for its own benefit . . ." (*Kellogg v All Sts. Hous. Dev. Fund Co., Inc.*, 146 AD3d 615, 617 [1st Dept 2017]). A special use generally involves the installation of an object on the sidewalk or some variance in the sidewalk's construction (*Weiskopf v City of New York*, 5 AD3d 202 [1st Dept 2004]; *Tyree v Seneca Ctr.-Home Attendant Program*, 260 AD2d 297, 297 [1st Dept 1999]).

Here, Gap demonstrated, prima facie, that it did not cause or create the defect, nor did it make special use of the sidewalk. In opposition, plaintiff's belief that Gap may have caused the defect by its special use of the sidewalk is fatally speculative (*see Kaminer v Dan's Supreme Supermarket/Key Food*, 253 AD2d 657, 657 [1st Dept 1998] [no evidence that vendor's use of

**152255/2020  SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**
**Motion No.  003 004**

**Page 8 of 16**

[* 8]

8 of 16

sidewalk created defect]), and in any event, insufficient to impose liability on Gap (*see Tyree*, 260 AD2d at 297 "[[t]he occasional use of the sidewalk for deliveries does not constitute a special use."]).

### 2.     Creation and Notice of the Defect

"The owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the landowner or lessee creates a defective condition in the sidewalk . . ." (*Gitterman v City of New York*, 300 AD2d 157, 158 [1st Dept 2002] [internal quotation marks and citation omitted]).

The evidence and testimony submitted by Gap established that it neither created, nor had notice of the alleged defect on the sidewalk. In opposition, plaintiff fails to raise a triable issue as to whether Gap may have created it by the cleaning it performed on the sidewalk, absent any non-speculative evidence.

Even if Gap had notice of an unsafe condition that it did not create, it cannot be held liable to plaintiff unless it created or exacerbated a dangerous condition or made special use of the sidewalk (*Heredia v C.S. Realty Assocs. LLC*, 217 AD3d 496 [court correctly dismissed case against tenant who did not create or exacerbate unsafe condition or make special use of sidewalk]).

### 3.     Cross-claim

As there is no evidence that Gap was negligent in failing to maintain or repair the sidewalk, it is also entitled to dismissal of CPF 1511's cross-claim against it for contractual indemnity. In any event, Gap demonstrated that the sidewalk did not constitute part of the premises for which it would have been required to indemnify CPF 1511.

**152255/2020   SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**     **Page 9 of 16**
**Motion No. 003 004**

9 of 16

### B.    CPF 1511's Motion (seq. 004)

#### 1.  Dismissal of plaintiff's claim

In support of its motion, CPF 1511 argues that the alleged condition was trivial and thus not actionable, relying on *Fayolle v East W. Manhattan Portfolio L.P.* (108 AD3d 476, 476 [1st Dept 2013]), in which the Appellate Division, First Department found that a defect with a one-fourth inch height differential was trivial and thus affirmed the trial court's order granting defendants summary judgment.  Similarly, in *Spiegel v Vanguard Constr. & Dev. Co.* (50 AD3d 387, 387 [1st Dept 2008]), the Court agreed with the trial court that a defect with a one-inch height differential was not actionable.

CPF 1511 also argues that as an out-of-possession landlord, it reasonably relied on Gap to notify it of any defects on the sidewalk, quoting *Pomeroy v Gelber*, 117 AD3d 1161, 1162 (3d Dept 2014) ("Without notice of a specific dangerous condition, an out-of-possession landlord cannot be faulted for failing to repair or otherwise rectify it" [internal quotation marks and citation omitted]).  Moreover, it claims that plaintiff cannot show actual or constructive notice because she was a lifelong resident of the neighborhood who had never noticed the alleged defect, the lighting conditions were clear and bright at the time of the accident, and she did not notice the hole that day until after she allegedly tripped on it.

In opposition, plaintiff argues that CPF 1511 has not submitted admissible evidence regarding the dimensions and dangerous nature of the subject defect at the time of the accident, and that CPF 1511's expert report lacks merit because Behnken examined a repaired patch of sidewalk years after the accident.  For the same reason, she asserts that CPF 1511 fails to show that the alleged defect was trivial, and plaintiff distinguishes this case from *Fayolle* and *Spiegel*, noting that her expert concluded the subject defect was seven inches long and more than an inch

**152255/2020   SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**          **Page 10 of 16**
**Motion No.  003 004**

10 of 16

wide and deep, which is supported by both the photographs and plaintiff's affidavit. Plaintiff contends that CPF 1511 failed to produce records of its inspections or maintenance, a complaint history, or documents to show that it was not on notice of the dangerous condition.

In further opposition, plaintiff reiterates that CPF 1511 breached its nondelegable duty under Administrative Code § 7-210, and that even if CPF 1511 met its burden on its motion, there is still an issue of fact as to whether the defect is trivial because of conflicting expert opinions as to its size. Moreover, plaintiff's expert opined that the defect must have been present for months if not years, thus raising a triable issue as to constructive notice.

In reply to plaintiff, CPF 1511 defends its expert opinion by arguing that the report was accurate because it was based on a site inspection and plaintiff's testimony. CPF 1511 argues that plaintiff's expert's measurement of the depth of the sidewalk crack is speculative because it was based on a two-dimensional photograph, and it criticizes the expert for failing to explain how plaintiff's shoe became stuck in a small crack. CPF 1511 also argues that plaintiff provides no legal authority to show that it was obligated to produce documents related to its periodic inspections, especially as there are no such documents as CPF 1511 did not conduct such inspections. CPF 1511 thus denies that it had constructive notice of the defect, and reiterates that it never received complaints related to the sidewalk from Gap prior to the accident.

a.      Trivial as a Matter of Law

"Whether a sidewalk defect is sufficiently hazardous to impose liability is generally a question for a jury to resolve on the particular facts of each case" (*Tineo v Parkchester S. Condominium*, 304 AD2d 383, 383 [1st Dept 2003]). To determine whether a defect is trivial, the court must look at the particular facts of each case "including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the

**152255/2020   SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**
**Motion No.  003 004**

Page 11 of 16

11 of 16

injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997] [internal quotation marks and citation omitted]).

If the alleged defective condition does not have the characteristics of a trap or nuisance and is deemed trivial, then it is not actionable (*id.* at 978); however, "there is no minimal dimension test or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*id.* at 977 [internal quotation marks omitted]). The movant must demonstrate to the court that the alleged defect "by reason of its location, adverse weather, lighting conditions, or other relevant circumstances, has any of the characteristics of a trap or snare, and was too trivial to be actionable" (*Hawkins v Carter Community Hous. Dev. Fund Corp.*, 40 AD3d 812, 813 [2d Dept 2007]).

Here, CPF 1511 has not demonstrated that the defect was trivial as a matter of law as plaintiff's expert measured the hole as having a depth of more than one inch and the crack with a width of seven inches. CPF 1511's reliance on *Fayolle* and *Spiegel* is misplaced because those cases involved defects that were one inch or less in height differential.

Moreover, plaintiff states in her affidavit that after she fell, she observed a large pothole as well as cracked and uneven sidewalk where she fell, thereby also raising an issue of fact (*see Tineo*, 304 AD2d at 384). Although plaintiff testified that there were no issues with lighting or anything obstructing her vision at the time of the accident, plaintiff's expert opined that it was typical for a pedestrian to miss noticing a sidewalk depression of the alleged size at issue here.

In any event, the conflicting expert opinions as to the defect's dimensions, and thus its triviality, raise issues of fact that cannot be resolved on a motion for summary judgment (*see Carter v HP Lafayette Boynton Hous. Dev. Fund Co., Inc.*, 210 AD3d 580, 581 [1st Dept 2022]).

**152255/2020   SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**
**Motion No.  003 004**

Page 12 of 16

12 of 16

[* 12]

b.      Notice

Section 7-210 of the Administrative Code of the City of New York "unambiguously imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably safe condition, and provides that said owners are liable for personal injury that is proximately caused by such failure" (*Sangaray v West Riv. Assoc., LLC*, 26 NY3d 793, 797 [2016]; *see Mercedes v 680 SN LLC*, 210 AD3d 477, 477 [1st Dept 2022]). "[It] makes no distinction for those owners who are out of possession" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 172 [2019]; *see Vargas v Weishaus*, 199 AD3d 620, 624 [1st Dept 2021] ["Th[e] duty, on in- and out-of-possession landlords alike, is nondelegable."]). "[Although] an owner can shift the work of maintaining the sidewalk to another, the owner cannot shift the duty, nor exposure and liability for injuries caused by negligent maintenance, imposed under [the code]" (*Xiang Fu He*, 34 NY3d at 174).

Thus, on a motion for summary judgment, an out-of-possession landlord must still establish prima facie that it neither created the allegedly hazardous condition, nor had actual or constructive notice of its existence (*see Arias v Sanitation Salvage Corp.*, 199 AD3d 554, 556-557 [1st Dept 2021]; *see Velocci v Stop & Shop*, 188 AD3d 436, 439 [1st Dept 2020]). A lack of actual notice can be established when a defendant "produces a witness who can testify that no complaints about the location were received before the accident, and there were no prior incidents in that area before the plaintiff fell" (*Velocci*, 188 AD3d at 439). Similarly, a lack of constructive notice can be shown "by producing evidence of . . . maintenance activities on the day of the accident, and specifically showing that the alleged condition did not exist when the area was last inspected or cleaned before the plaintiff fell" (*id.*).

**152255/2020   SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**                    **Page 13 of 16**
**Motion No.  003 004**

13 of 16

[* 13]

Here, CPF 1511 has not met its "prima facie burden of showing lack of notice" (*Davis v Brookfield Properties Mgt., LLC*, 220 AD3d 527, 527 [1st Dept 2023]). While there is evidence that Gap never notified CPF 1511 of a defective or unsafe condition on the sidewalk, CPF 1511 does not otherwise establish that it received no prior complaints or that there were no prior incidents.

Moreover, CPF 1511 did not demonstrate that it lacked actual or constructive notice of the defect absent evidence showing when it last inspected the sidewalk prior to the date of the accident (*see Rodriguez v Kwik Realty, LLC*, 216 AD3d 477, 478 [1st Dept 2023]; *Powell v BLDG 874 Flatbush LLC*, 201 AD3d 534, 535 [1st Dept 2022] [concluding that defendant failed to make prima facie showing that it lacked constructive notice where no evidence of most recent sidewalk inspection presented]; *Graham v YMCA of Greater N.Y.*, 137 AD3d 546, 547 [1st Dept 2016] [finding no constructive notice where no evidence of date of last cleaning or inspection of floor where plaintiff slipped]).).

Further, plaintiff's expert opined that the defect was present before the accident for at least a few months, raising an issue of fact as to constructive notice. For all of these reasons, a triable issue remains as to CPF 1511's notice of the defective sidewalk condition.

## 2.    Cross-claims

CPF 1511 argues that it is entitled to summary judgment on its cross-claims for contractual and common law indemnification and breach of contract against Gap, as Gap was responsible for the sidewalk and thus must indemnify and hold harmless CPF 1511 for the subject accident. It denies that it was negligent and asserts that it is entitled to indemnity from Gap under the lease. CPF 1511 further claims that Gap breached the lease when it failed to name CPF 1511 as an additional insured, and that if there is an issue of fact as to CPF 1511's

**152255/2020    SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**
**Motion No.  003 004**

**Page 14 of 16**

14 of 16

negligence, then it is entitled to conditional contractual indemnification from Gap, citing *Ortiz v Fifth Ave. Bldg. Assoc.*, 251 AD2d 200, 202 (1st Dept 1998).

In opposition, Gap reiterates that it owed no duty to plaintiff under the lease or under any statute, and therefore CPF 1511's contractual indemnification claim is without merit because it cannot establish that Gap violated its duty to maintain the sidewalk. Gap maintains that the lease's requirement that it indemnify CPF 1511 for accidents that occur "in, at, or upon the demised premises" did not apply to the sidewalk, and therefore it was not required to procure insurance for injuries occurring there. Gap also argues that CPF 1511 is not entitled to common law indemnification because CPF 1511 breached its duty under the Administrative Code § 7-210 and the lease and is thus solely negligent.

As Gap demonstrated that it may not be held liable for the alleged defective condition (*see supra*), CPF 1511 is not entitled to common-law or contractual indemnity from it, nor may it assert a breach of contract claim as Gap was not required to obtain insurance covering the sidewalk.

### C. Conclusion

Accordingly, it is

ORDERED, that defendant The Gap, Inc's motion for summary judgment (seq. 003) dismissing the complaint and cross-claims against it is granted, and the complaint and all cross-claims asserted against it are severed and dismissed, and the clerk is directed to enter judgment accordingly; it is further

ORDERED, that CPF 1511's motion for summary judgment (seq. 004) dismissing the complaint as against it is denied; and it is further

**152255/2020 SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**
**Motion No. 003 004**

Page 15 of 16

15 of 16

ORDERED, that the parties appear for a settlement/trial scheduling conference on

November 20, 2024 at 9:30 AM at 71 Thomas Street, Room 305, New York, York.

20240701103329DBCOHEN888FCB12D4AA49E183D8DD6AE1008945

| 7/1/24 | | | DAVID B. COHEN, J.S.C. |
|---|---|---|---|
| **DATE** | | | |

| CHECK ONE: | | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152255/2020   SAGLIMBENE, MARGARET vs. CPF 1511 THIRD AVENUE LLC**
**Motion No.  003 004**

**Page 16 of 16**